UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 10 2012
CLERK

| | |
|---|---|
| JACK M. EGGE and KATHERINE A. HABERLING,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | CIV. #12-4144<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiffs, by and through their attorneys of record, and for their Complaint against the above-named Defendant states and alleges as follows:

**PARTIES**

1.

Plaintiffs Jack M. Egge and Katherine A. Haberling (hereinafter collectively referred to as "Plaintiffs") are and, at all times relevant hereto, were residents of the City of Sioux Falls, County of Lincoln, State of South Dakota. At all times relevant hereto, Plaintiffs were lawfully married as husband and wife, respectively.

2.

Upon information and belief, Defendant Government Employees Insurance Co. (hereinafter "Defendant") is an insurance company with its principal place of business in Chevy Chase, Maryland. Defendant is duly authorized and licensed to sell automobile insurance and is conducting business in the State of South Dakota. Defendant is commonly known by the acronym "GEICO." At all times relevant to this action, Defendant provided automobile insurance coverage to Plaintiffs. Defendant issued an insurance policy to its insured, Plaintiff

Jack Egge with the policy number 0126054204, which provided Plaintiffs, with underinsured motorist benefits.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the persons and subject matter of this action pursuant to the provisions of 28 U.S.C. § 1332 because the amount of damages in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship is present between Plaintiffs and Defendant.

4.

This action is properly venued with this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2).

## FACTS

5.

On or about June 14, 2007, Plaintiff Jack Egge was traveling southbound in his vehicle on South Minnesota Avenue in Sioux Falls, Minnehaha County, South Dakota.

6.

At the same time, on or about June 14, 2007, an underinsured driver was also traveling southbound on South Minnesota Avenue in Sioux Falls, Minnehaha County, South Dakota, behind Plaintiff Jack Egge's vehicle. The underinsured motorist was insured by American Family Insurance Company.

7.

The underinsured driver's vehicle collided into the rear-end of Plaintiff Jack Egge's vehicle as Plaintiff Jack Egge was stopped in traffic near the intersection of South Minnesota Avenue and West 37th Street in Sioux Falls, Minnehaha County, South Dakota.

8.

The underinsured driver received a citation for Careless Driving at the scene of the collision.

9.

The collision and the resulting injuries to Plaintiff Jack Egge were proximately caused by the negligence of the underinsured motorist in several respects, including but not limited to:

(a) Failing to keep a proper lookout for other vehicles;

(b) Failing to keep his vehicle under control; and

(c) Otherwise generally failing to operate his vehicle in a safe and prudent manner.

10.

As a direct and proximate result of the June 14, 2007 collision with the underinsured motorist, Plaintiff Jack Egge sustained injuries and trauma, including, but not limited to, personal injuries which required medical treatment. Additionally, he has experienced and will continue to experience pain and suffering, permanent impairment and disability, loss of enjoyment of the capacity of life, property damage, loss of past and future earned wages, past and future medical costs and expenses, and other general and special damages.

11.

At the time of the collision on June 14, 2007, Plaintiff Jack Egge was insured under a policy of automobile insurance issued by Defendant, Policy No. 0126054204. As part of said policy issued by Defendant, Plaintiffs paid a separate premium to purchase underinsured motorist coverage in the amount of $300,000.00.

12.

In addition, the underinsured motorist owed the Plaintiffs a duty to refrain from inflicting injury to the marital relationship of Plaintiffs Jack Egge and Katherine A. Haberling.

13.

The underinsured motorist breached his duty and has thereby caused a loss to Plaintiff Katherine A. Haberling of the reasonable value of the services, aid, comfort, society, and companionship of her husband, Jack Egge, and the value of the services, aid, comfort, society, and companionship of Jack Egge which Katherine A. Haberling is reasonably certain to be deprived of in the future.

14.

As a direct and proximate cause of the negligence of the underinsured motorist, Plaintiff Jack Egge has suffered damages as previously set forth.

15.

As a direct and proximate result of the underinsured motorist's negligence, Plaintiff Katherine A. Haberling has suffered damages, including: lost wages, support, society, and companionship; and lost incidental and consequential damages, all of which are compensable under South Dakota law.

16.

American Family Insurance Company, the liability carrier for the underinsured motorist, has offered to pay Plaintiffs $80,000 for the injuries and damages Plaintiffs sustained as a result of the June 14, 2007 motor vehicle collision. The limits of the under-insured motorist's liability coverage are $100,000. There is no other liability insurance coverage available to the Plaintiffs for payment of their claim as a result of the June 14, 2007 motor vehicle collision.

## **DECLARATION OF RIGHTS**

17.

Plaintiffs hereby reallege paragraphs 1 through 16 of this Complaint and hereby incorporate them as fully set forth herein.

18.

At the time of the June 14, 2007 motor vehicle collision, Plaintiff Jack Egge was insured under a policy of automobile insurance issued by Defendant, Policy No. 0126054204.

19.

Plaintiff Jack Egge had entered into a contract of insurance, for good and valuable consideration with Defendant for underinsured motorist coverage providing for the recovery of damages up to a limit of $300,000.00 as a result of any single occurrence.

20.

At all times relevant to these proceedings, this policy of insurance providing Plaintiff Jack Egge with underinsured motorist coverage was in full force and effect.

21.

By virtue of its policy of insurance coverage in effect on June 14, 2007, Defendant is contractually obligated to pay Plaintiffs underinsured motorist benefits as a result of the motor vehicle collision caused by the underinsured motorist.

22.

A justifiable controversy exists between and among the parties who are entitled to relief under 28 U.S.C.A. § 2201, and this Court is authorized to determine the rights, responsibilities and liabilities of each of the parties for the controversy now existing regarding past, present, and future coverage.

23.

Specifically, this Court is authorized to determine whether Defendant is to provide underinsured motorist benefits to Plaintiffs and specifically the amount of underinsured motorist benefits owed to Plaintiffs arising out of the June 14, 2007 motor vehicle collision.

24.

Plaintiffs are entitled to benefits under the underinsured motorist portion of Defendant's automobile policy previously referred to in an amount as the jury deems just and proper for all damages sustained in the motor vehicle collision of June 14, 2007.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for damages against the Defendant as follows:

(1) For the Court to find and declare that Defendant is to provide and pay the appropriate amount of underinsured coverage for all claims and liabilities to Plaintiffs arising out of the motor vehicle collision that occurred on or about June 14, 2007;

(2) For the full amount of Plaintiffs' underinsured motorist benefits due and owing under the policy, including, but not limited to, special damages, general damages, and pain and suffering;

(3) For the Plaintiffs' compensatory, general, and special damages in an amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiffs' losses as sustained herein;

(4) For Plaintiffs' attorney's fees, costs and disbursements herein;

(5) For prejudgment and post-judgment interest; and

(6) For such other and further relief as the Court determines to be just and proper.

Dated this 9TH day of August, 2012.

                          **JANKLOW LAW FIRM, PROF. L.L.C.**

BY *[signature]*
                          A. Russell Janklow
                          Kimberly J. Lanham
                          1700 W. Russell Street
                          Sioux Falls, SD 57104
                          (605) 332-0101
                          Email: russ@janklowlaw.com
                                      kim@janklowlaw.com

                          *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand trial by jury on all issues so triable.

*[signature]*
A. Russell Janklow
Kimberly J. Lanham